UNITED STATES of America,
Plaintiff–Appellee,

v.

TWENTY–TWO VARIOUS
FIREARMS; Defendant;

Francis J. Warin, Party in
Interest–Appellant.

No. 01–3329.

United States Court of Appeals,
Sixth Circuit.

March 27, 2002.

Before NORRIS, SILER and GILMAN, Circuit Judges.

Francis J. Warin, proceeding pro se, appeals a district court judgment granting the government's motions to forfeit and dispose of twenty-two firearms, filed under 28 U.S.C. § 1345. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1975, Warin was convicted of receiving or possessing a firearm in violation of 26 U.S.C. § 5861(d), and he was sentenced to three years of probation. One of the conditions of probation prohibited Warin from carrying, receiving or possessing any firearm. Several weeks later, the district court rescinded the condition of parole relating to firearms. In 1999, following a perceived bomb threat, the Bureau of Alcohol, Tobacco and Firearms went to Warin's address and searched the premises, with his consent. The search revealed twenty-two firearms. On August 5, 1999, administrative forfeiture proceedings were commenced for sixteen of the seized firearms. On August 31, 1999, administrative forfeiture was commenced on the remaining six firearms. Subsequently, Warin filed a motion for the return of the firearms, arguing that the forfeiture of his firearms would violate his Second Amendment right to bear arms. Thereafter, the parties filed motions for summary judgment. Upon review, a magistrate judge filed a report recommending that the district court deny Warin's motion for the return of property, deny Warin's motion for summary judgment, and grant the government's motion for summary judgment and its motion for disposal of the firearms.

Over Warin's objections, the district court adopted the magistrate judge's recommendations and dismissed the case.

Warin has filed a timely appeal, essentially reasserting his arguments. He also requests that the court remand his case to the district court for a "judgment en banc."

Upon review, we conclude that the district court properly granted summary judgment to the government for the reasons stated by the magistrate judge and adopted by the district court in its January 29, 2001, memorandum opinion. *Lucas v. Monroe County*, 203 F.3d 964, 971 (6th Cir.2000). The government's actions did not violate the Second Amendment. This court previously rejected Warin's Second Amendment argument when he raised it on direct appeal from his prior conviction. *See United States v. Warin*, 530 F.2d 103, 106 (6th Cir.1976). Moreover, this court has continued to hold that the Second Amendment guarantees a collective rather than an individual right to bear arms. *United States v. Napier*, 233 F.3d 394, 402–03 (6th Cir.2000).

The district court also properly concluded that Warin's civil right to bear arms had not been restored following his prior conviction. Despite a district court order vacating the provision of probation previously prohibiting him from receiving, possessing or transporting any firearms or dangerous weapons, Warin did not establish that his civil right to bear arms had been restored. A review of the order clearly reflects that the order only applied to the terms of probation. There is nothing in the record which would indicate that order was intended to constitute a general restoration of Warin's civil rights.

The district court properly granted the government's motions for forfeiture and

disposal of the seized firearms. First, Warin does not dispute that the government timely filed forfeiture proceedings against sixteen of the seized firearms. Moreover, the district court properly concluded that these firearms were subject to seizure because the record clearly reflects that Warin is a convicted felon and because Warin's civil rights had not been restored.

Second, although the government did not pursue forfeiture proceedings against the remaining six firearms in a timely manner, the district court properly granted the government's motion for disposal of the firearms. The district court properly determined that the firearms could not be returned to Warin because 18 U.S.C. § 922(g) prohibits convicted felons from possessing firearms.

Finally, the district court properly rejected Warin's argument that the government was estopped from seeking forfeiture and/or disposal of his firearms. Warin did not establish that the government was estopped from seizing the firearms, because he did not show that the government made any statement or acted in any manner that constituted a material representation of fact indicating that he was entitled to bear arms. *See, e.g., Trustees of Michigan Laborers' Health Care Fund v. Gibbons*, 209 F.3d 587, 591 (6th Cir. 2000). Moreover, Warin incorrectly argued that the government was required to prove that he intended to violate 18 U.S.C. § 922(g). This court has held that a violation of § 922(g) is a general intent crime, *United States v. Bennett*, 975 F.2d 305, 306 (6th Cir.1992), for which the government need not show intention but only the knowing commission of an act that the law makes a crime. *United States v. Farrow*, 198 F.3d 179, 187 n. 8 (6th Cir.1999).

For these same reasons, the district court did not abuse its discretion when it denied Warin's cross-motion for summary judgment regarding these issues. *See Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir.1994).

Accordingly, we deny the request to remand the case to the district court and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.